## DWINEL *vs.* FISKE & *al.*

The *Stat.* 1821, *ch.* 158, *sec.* 11, creating a lien on mill-logs, against the general owner, in favor of those who float them to market with their own timber, in which they happen to be intermingled, does not apply in favor of a wilful trespasser, against the owner of the land on which he had cut the logs.

THIS was a review of an action of replevin for 166 mill-logs, originally sued out by *Fiske & Bridge* against *Dwinel*. It appeared, at the trial, that the logs were cut by *Dwinel*, on the land of *Fiske* and *Bridge*, without license; the lines of which land he previously well knew, and was thus a wilful trespasser. He afterwards drove the logs down the *Penobscot* river, intermixed with a larger number in which he claimed a special property; and he resisted the action of replevin on the ground that having driven them with his own, he was entitled to detain them till the expenses of driving were paid, pursuant to *Stat.* 1821, *ch.* 158, *sec.* 11. But the Chief Justice, before whom the action was tried, instructed the jury that the provisions of the statute were not applicable to cases like the present; and a verdict being returned for the original plaintiffs, the point was reserved for the consideration of the Court.

*J. McGaw*, for the plaintiff in review.

*Allen*, for the original plaintiffs.

WESTON J. delivered the opinion of the Court.

If the logs in question were put into the *Penobscot* river, for the purpose of being floated to market, and were mixed with other logs in such manner, that they could not be sparated, it was because they were voluntarily and unlawfully put into that condition by the original defendant, in violation of the rights of the original plaintiffs. To allow him to predicate rights, upon a trespass of this sort, would be to permit him to take advantage of his own wrong, against an ancient and well established maxim of law. The

statute was intended to provide for a reasonable compensation to a party, who in driving his own logs, renders a similar service to other owners, whose logs are casually so intermixed with his, that they cannot be separated. It does not allow him to meddle with the logs of others, until so intermixed with his own. Otherwise any one without interest and without right, might unnecessarily and voluntarily intermeddle with property of this description, belonging to various owners, with whom he has no connexion, and claim of all compensation, for services thus obtruded ; which the statute never could have intended. The section in question, could never have been designed to favor trespasses.

There is no just analogy between this statute, and those which have been made for the settlement of certain equitable claims, arising in real actions. A title to real estate, commencing by disseisin, is one well known in law. By lapse of time it may become indefeasible, entitled to complete legal protection. And the legislature have thought proper to recognize certain equitable interests of this sort, at an earlier period.

*Judgment on the verdict.*